United States Department of Justice
Office of the United States Trustee
1100 Commerce St., Room 976
Dallas, Texas 75242
(214) 767-1088

Nancy Sue Resnick,
for the United States Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **Barry Elwood Tubbs II and** | § | CASE NO:   17-45110-elm7 |
| **Amy Raynell Tubss** | § | |
| | § | |
| **Debtors.** | § | |

### Unopposed Motion of the United States Trustee to Reopen Case under
### 11 U.S.C. § 350 and Bankruptcy Rule 5010 and Request to Defer Filing Fee

TO THE HONORABLE EDWARD MORRIS

The United States Trustee for Region 6 moves to reopen this case under 11 U.S.C. § 350 and Bankruptcy Rule 5010 and to defer filing fee.  In support of his motion, the United States Trustee would show the Court the following:

### Jurisdiction

The Court has subject matter jurisdiction under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151.   A motion to reopen is a core proceeding impacting the discharge and case administration.   28 U.S.C. § 157(b)(2)(A) and (B).

### Factual Background

1.     Debtors received a chapter 7 discharge on May 1, 2018.

2.    After the discharge was entered the United States Trustee received information that Debtors Barry Elwood Tubbs II and/or Amy Raynell Tubbs may have concealed or provided false information.

3.    Because Debtors received a chapter 7 discharge on May 1, 2018, the deadline for any party to file a complaint seeking revocation of discharge is May 1, 2019.  *See* 11 U.SC. § 727(e).

4.    To avoid the premature filing of a complaint seeking revocation of Debtors' discharge under 11 U.S.C. § 727(d), Debtors have agreed that if the United States Trustee files a complaint seeking relief under 11 U.S.C. § 727(d) on or before July 1, 2019, that Debtors waive the right to raise the one year time limit under 11 U.S.C. § 727(e) as an affirmative defense. *Weil v. Elliott*, 859 F.3d 812 (9th Cir. 2017) (construing 11 U.S.C. §727(e)(1) as a statute of limitations rather than repose); *see also Kontrick v. Ryan*, 540 U.S. 443 (2004) (construing Fed. R. Bankr. P. 4004 as non-jurisdictional). ( Docket no. 23)

5.    The United States Trustee intends to examine Debtor under Bankruptcy Rule 2004 and intends to file an Agreed 2004 Motion once the case is reopened.

6.    Section 350 of the Bankruptcy Code provides "a case may be reopened in the court in which such case as closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b) (2010).

7.     Cause exists to reopen this case to have the U.S. Trustee investigate the conduct of the Debtor to insure that the justice is served.   Therefore, cause exists to reopen this case.

8.    Under Bankruptcy Rule 5010, the United States Trustee has determined that the appointment of a trustee is not necessary at this time to protect the interests of creditors and to insure efficient administration. Fed. R. Bankr. P. 5010.

9.     The United States Trustee is not required to submit a fee because "no fees under this [Bankruptcy Court Miscellaneous Fee] schedule shall be charged to federal agencies . . . ." Bankruptcy Court Miscellaneous Fee Schedule, Appendix to 28 U.S.C. § 1930.

The United States Trustee respectfully requests that the Court enter an order reopening the above-referenced case for the purpose of allowing a 2004 examination to proceed and if appropriate the filing of a complaint revoking debtor's discharge.

Dated: April 8, 2019

Respectfully Submitted,
WILLIAM T. NEARY
UNITED STATES TRUSTEE

/s/Nancy Resnick
Nancy Resnick
Texas State Bar No. 00790135
Office of the United States Trustee
1100 Commerce St.   Room 976
Dallas, Texas   75242

**Certificate of Conference**

Pursuant to Local Rule 7.1, no conference is required before the filing of this motion. However, on April 8, 2019, I conferred with the Debtors' attorney, Mr. Eric Maskell who is not opposed to the relief requested.

*/s/ Nancy Resnick*